IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

May 19, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STEVEN A. WAKEFIELD,               )   BLOUNT CHANCERY
                                   )   C. A. NO. 03A01-9707-CH-00290
        Plaintiff-Appellee         )
                                   )
                                   )
                                   )
                                   )
                                   )
vs.                                )   HON. CHESTER S. RAINWATER
                                   )   CHANCELLOR
                                   )
                                   )
                                   )
                                   )
                                   )
MICHAEL F. CRAWLEY, MACTENN        )
VALVE COMPANY, a Tennessee         )
Corporation and MCCAWBER           )   AFFIRMED AND REMANDED
SYSTEMS, INC., a Tennessee         )
Corporation,                       )
                                   )
        Defendants-Appellants      )


WILLIAM S. LOCKETT, JR., Kennerly, Montgomery & Finley, P.C., Knoxville, for Appellants.


H. ALLEN BRAY, Paine, Garrett & Bray, Maryville, for Appellee.

O P I N I O N

McMurray, J.

The plaintiff instituted this action to recover two stock certificates which represented eighty percent (80%) ownership of the two corporate defendants. Both certificates were either in the possession of the defendant, Crawley, or the defendant corporations. After a bench trial, the court resolved the issues in favor of the plaintiff and rendered judgment accordingly. This appeal resulted. We affirm the judgment of the trial court.

The appellant presents the following issues for our review:

1.  Whether the plaintiff's claims are barred by the statute of frauds set forth in T.C.A. § 47-8-319?

2.  Whether the evidence was sufficient to prove the existence of an enforceable oral contract?

3.  Whether the alleged stock transfer can be compelled absent proof of endorsement and delivery of the stock certificates?

4.  Whether the plaintiff's demand for relief is barred by the doctrine of unclean hands?

Our standard of review is _de novo_ upon the record, with a presumption of correctness of the findings of fact by the trial court. Unless the evidence otherwise preponderates against the

2

findings, we must affirm, absent an error of law. See Rule 13(d), Tennessee Rules of Appellate Procedure. If the plaintiff is entitled to a judgment, appellate courts have a duty to render judgments which the lower court should have rendered. See e.g., Toomey v. Atyoe, et al, 32 S.W. 254 (Tenn. 1895), and Perry v. Carter, 219 S.W.2d 905 (Tenn. 1949). See also Rule 36(a), Tennessee Rules of Appellate Procedure.

In this case the trial court found that a valid enforceable contract existed between the parties and that it was the intent of the parties that the plaintiff receive the stock certificates as compensation for his services. He further found that the Statute of Frauds (T.C.A. § 47-8-319) and the doctrine of "unclean hands" were inapplicable under the facts of the case. He applied the standard rules for interpretation of contracts and in his findings of fact and conclusions of law made the observation that the evidence is "conflicting, contradictory, confusing, and in major instances absolutely irreconcilable." The court indicated that its findings were based upon the credibility, or the lack thereof, of all the witnesses who testified.

We first note that sufficient evidence exists in the record, if accredited by the trier of fact, to support either a finding: (1) that there was a contract; or, (2) that there was not a

3

contract. The same may be said for determining the intention of the parties. The trial court found that there was an oral contract and that it was the intention of the parties that the plaintiff was to receive the stock as compensation for his services. Obviously, the trial court based his findings of fact, in large part, on the credibility of the witness which he saw and heard. A trial court "on an issue which hinges on witness credibility, will not be reversed unless, other than the oral testimony of the witnesses, there is found in the record clear, convincing evidence to the contrary." Tennessee Valley Kaolin Corp. v. Perry, 526 S.W.2d 488, 490 (Tenn. App. 1974).

Rather than "clear, convincing evidence to the contrary" the record contains what we would deem to be "clear convincing evidence" to support the findings of the trial court on the issue of the existence of the oral contract. Specifically, in unrelated litigation, in the case of Bunch v. Macawber Engineering, Inc., No. 91-1374, in the United States District Court for the Western District of Pennsylvania, the defendant, Crawley, testified under oath, by deposition, that the plaintiff here, Wakefield, was the owner of eighty percent (80%) of the stock in the defendant corporation, Macawber Systems, Inc. Specifically, he testified as follows:

4

* * * *

Q.	Are you the sole shareholder in Macawber Systems, Inc.?

A.	No.

Q.	Who else is a shareholder?

A.	Stephen Wakefield.

Q.	What percentage does he own?

A.	80 percent.

Q.	Do you own the other 20 percent.

A.	Yes.

* * * *


Mr. Crawley's testimony in this case attempting to explain his testimony in the previous litigation is less than convincing.  His explanation is as follows:


* * * *

Q.	If you would, explain to the court why you testified that Mr. Wakefield owned 80 percent of Systems and MacTenn and you owned 20 percent when you gave your deposition in the Dwayne Bunch Case.

A.	That deposition took place very soon after the preparation of the documents.  I was of the view that they were most likely going to be used, and so I guess when he asked me the question, I guess I was speaking for the future rather more than for the present, because in my view it had not happened and it would not happen until I passed over the stock certificates and I signed the agreements.  But I was of the view that things were so bad that it's quite likely that this contingency plan or

5

>     bogus transfer, or whatever you'd like to call it,
>     would actually take place.

                    *       *       *       *


On its face, the explanation given by Mr. Crawley seems incredible. We are not called upon, however, to weigh this testimony but, as required, will defer to the trial court's judgment regarding credibility of witnesses. We note this testimony simply to confirm and affirm the findings of the trial court that the evidence is "conflicting, contradictory, confusing, and in major instances absolutely irreconcilable."

We conclude, that the issue concerning the sufficiency of the evidence relating to the finding that an oral contract existed is without merit. The enforceability of the contract, however, is a matter of law and is not subject the presumption of correctness that accompanies a finding of fact by the trial court.

We will first examine the applicability of the Statute of Frauds relied upon by the defendants. T.C.A. § 48-8-319 provided as follows:[1]

---

[1] T.C.A. §§ 47-8-308 - 47-8-321 were repealed effective January 1, 1998.

6

**47-8-319. Statute of Frauds.** — A contract for the sale of securities is not enforceable by way of action or defense unless:

(a) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price; or

(b) delivery of a certificated security or transfer instruction has been accepted, or transfer of an uncertified security has been registered and the transferee has failed to send written objection to the issuer within ten (10) days after receipt of the initial transaction statement confirming the registration, or payment has been made, but the contract is not enforceable under this provision only to the extent of the delivery, registration or payment; or

(c) within a reasonable time a writing in confirmation of the sale or purchase and sufficient against the sender under paragraph (a) has been received by the party against whom enforcement is sought and he has failed to send written objection to its contents within ten (10) days after its receipt; or

(d) the party against whom enforcement is sought admits in his pleadings or otherwise in court that a contract was made for the sale of a stated quantity of described securities at a defined or stated price.

The plaintiff in his complaint alleges that he is the owner of 80,000 shares of stock in each of the corporate defendants. He further alleges that the defendants are in physical possession of the certificates, which among other things, the plaintiff seeks to

7

recover.  Copies of the certificates, apparently properly executed

by the defendant, Crawley, are attached to the complaint.


The defendants deny that the plaintiff is the owner of the

stock claimed by him and in addition rely upon the provisions of

T.C.A. §§ 47-8-101, et seq., Uniform Commercial Code — Investment

Securities.  We should point out that T.C.A. § 47-8-102 which

contains definitions applicable to Chapter 8 was amended in 1995.

We are, therefore, required to examine T.C.A. § 47-8-102 as it

existed prior to the 1995 amendment in resolving the issue relating

to the Statute of Frauds in this case.


Prior to the 1995 Amendment T.C.A. § 47-8-102 provided in

pertinent part as follows:


    **47-8-102.  Definitions and index of definitions. —**
(1) In this chapter unless the context otherwise re-
quires:

    (a)  A "certificated security" is a share, parti-
cipation, or other interest in property of an
enterprise of the issuer or an obligation of
the issuer which is:

        (i)   represented by an instrument issued in
bearer or registered form;

        (ii)  of a type commonly dealt in on securi-
ties exchanges or markets or commonly
recognized in any area in which it is
issued or dealt in as a medium for
investment; and

> (iii) either one (1) of a class or series or by its terms divisible into a class or series of shares, participation, or other interests or obligations.

> \*     \*     \*     \*

T.C.A. § 47-8-102 as it existed prior to the 1995 amendment (1995 Public Chapter 86) has been addressed by our Supreme Court relative to the definition of a security. In Blasingame v. American Materials, Inc., 654 S.W.2d 659 (Tenn. 1983), the court in addressing an issue relating to the applicability of T.C.A. § 47-8-319 concluded that the stock of the defendant corporation did not fall within the definition of a security as found in T.C.A. § 47-8-102 and, therefore, T.C.A. § 47-8-319 was not applicable.[2] The court in reaching its conclusion made the following observation:

> ... there is no proof in this record that the stock of American Materials, Incorporated [the defendant corporation], "is of a type commonly recognized in any area in which it is issued or dealt in as a medium for investment." T.C.A. § 47-8-102(1)(a)(ii). ... The proof adduced on the value of the stock makes it clear that there was no market available for this stock.

> In Kennedy v. Porter, 557 S.W.2d 589 (Tex. Civ. App. 1977), the defendant sought to rely upon the Statute of Frauds in Article 8, U.C.C., in resisting an oral contract to sell stock in a closely held corporation.

---

[2]Blasingame v. American Materials, Inc., supra, apparently gave birth to the 1995 amendment to T.C.A. § 47-8-102. See Compiler's Notes to T.C.A. § 47-8-102.

We also note that at the conclusion of the plaintiff's proof in this case, the defendants moved the court to dismiss the case. In their argument in favor of the motion the defendants asserted that Blasingame had been statutorily overruled. Assuming for the purposes of argument that this is true, it cannot be applied retrospectively.

9

The Texas Court said that it was a question of fact whether the stock of a corporation was dealt in upon securities exchanges or commonly recognized as a medium for investment, or otherwise came within the definition of a security; that it was incumbent upon the party relying upon Article 8 of the U.C.C. to produce sufficient evidence to satisfy the definitional requirement of section 8-102 as a prerequisite to its application. See also Zamore v. Whitten, 396 A.2d 435 (Me. 1978) and Rhode Island Hospital v. Collins, 117 R.I. 535, 368 A.2d 1225 (1977) where stock in closely held corporations was denied classification as a "security" because it was not dealt in by securities exchanges or commonly recognized as a medium for investment.

Blasingame, at 664.

We are of the opinion that Blasingame is the controlling authority on the issue of the Statute of Frauds at the times of the transactions involved in this action. In this case, evidence relating to the value of the stock in the defendant corporations is found in the testimony of Mr. Wakefield.

Mr. Wakefield testified as follows:

Q. Both of them [agreements] recite that you had been fairly successful in your efforts for the company and that you were owed $200,000.00. Is it a one $200,000 debt, or is it —

A. It's two $200,000 debts, because it was establishing the value of the shares of each company.

* * * *

Q. Mr. Wakefield, you and Mr. Crawley never reached an agreement on the value of what you contend to be your stock, did you?

10

A.   That's an interesting characterization.   We had
     reached about five agreements that were broken by
     him.

                    *       *       *       *

We are of the opinion that the evidence is grossly inadequate

to establish a value of the stock.   Further, there is no evidence

in this record that the stock of the defendant corporations, "is of

a type commonly recognized in any area in which it is issued or

dealt in as a medium for investment" or that there is a market

available for the stock.   Accordingly, we conclude, that here, as

in Blasingame the defendants have failed to produce sufficient

evidence to satisfy the definition requirement of section 8-102 as

a prerequisite to its application, therefore, T.C.A. § 47-8-319 is

not applicable.

Having concluded that T.C.A. § 47-8-319 is inapplicable, we

must next determine if the oral agreement is unenforceable for any

other reason.   The appellants advance the equitable maxim of

"unclean hands" to defeat the plaintiff's claim.

          This equitable maxim [unclean hands] prevents
     parties from using the courts to enforce agreements "that
     arise out of unconscionable, immoral or just plain
     'crooked' conduct." Farmers & Merchants Bank v.
     Templeton,, 646 S.W.2d 920, 924 (Tenn. App. 1982). The
     operation of the maxim is confined to misconduct con-
     nected with the subject matter of the litigation. Greer
     v. Shelby Mut. Ins. Co., 659 S.W.2d 627, 630 (Tenn. App.

                              11

1983) (citing Henry R. Gibson, Gibson's Suits in Chancery § 18, at 20-21 (William H. Inman ed., 6th ed. 1982)).

Prism Ptnrs., L.P. v. Figlio, 1997 Tenn. App. LEXIS 777.

The trial court found that the maxim of unclean hands had no application to the case. He gave no reasons for his conclusions, however, upon review of the record, we concur with his conclusion. The acts relied upon by the appellants to constitute unclean hands stem from the original purpose of incorporating the defendant corporations. The intent and purpose of both the appellant, Crawley, and the appellee, Wakefield, was for the defendant corporations to acquire the assets of another corporation, Macawber Engineering, Inc., for the purpose of attempting to put its assets beyond the convenient reach of creditors. As between the parties hereto, we believe that the misconduct, if any, by the parties was not so connected with the subject matter of this litigation as to require the application of the doctrine of unclean hands. We find no merit in the "unclean hands" defense.

In view of the finding of the trial court and our concurrent finding that there was an enforceable oral contract, the issue relating to endorsement and delivery is moot.

We affirm the judgment of the trial court. Costs are assessed to the appellants and this case is remanded to the trial court.

12

_____
Don T. McMurray, J.


CONCUR:

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS
AT KNOXVILLE


STEVEN A. WAKEFIELD,      ) BLOUNT CHANCERY
                              ) C. A. NO. 03A01-9707-CH-00290
       Plaintiff-Appellee   )
                              )
                              )
                              )
                              )
vs.                         ) HON. CHESTER S. RAINWATER
                              ) CHANCELLOR
                              )
                              )
                              )
                              )
                              )
MICHAEL F. CRAWLEY, MACTENN  )
VALVE COMPANY, a Tennessee   )
Corporation and MCCAWBER     ) AFFIRMED AND REMANDED
SYSTEMS, INC., a Tennessee   )
Corporation,               )
                              )
       Defendants-Appellants )


**<u>JUDGMENT</u>**


    This appeal came on to be heard upon the record from the Chancery Court of Blount County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

    We affirm the judgment of the trial court. Costs are assessed to the appellants and this case is remanded to the trial court.


PER CURIAM